```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
      v.                     )    No. 4:04CR572 JCH
                             )                (FRB)
ROBIN YVETTE ROBINSON,       )
                             )
            Defendant.       )

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

<u>Defendant's Motion To Dismiss Indictment</u> (Docket No. 213)

The defendant moves to dismiss the indictment asserting that certain allegations in the indictment, namely assertions that the defendant is an organizer, leader, manager or supervisor of the criminal activity alleged in the indictment, is superfluous language relating to sentencing factors alone and should not be included in the indictment. In response, the government concedes that in light of the United States Supreme Court holding in <u>United States v. Booker</u>, 543 U.S. 220 (2005), that such allegations set out in Count I, Paragraph C, and Count II, Paragraph D of the indictment are surplusage and should be stricken from the indictment.

An indictment may be amended by striking language "where the language omitted is surplusage and nothing is thereby added to the indictment and the remaining allegations state the elements of an offense." <u>United States v. Ross</u>, 210 F.3d 916, 922 (8th Cir. 2000).

Because the allegations to which the defendant objects are mere surplusage, and because the indictment with such allegations stricken continues to allege an offense against the defendant,

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion To Dismiss Indictment (Docket No. 213) be denied.

**IT IS FURTHER RECOMMENDED** that Paragraph C of Count I, and Paragraph D of Count II be stricken from the Indictment.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of January, 2007.